# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

**CORRECTIONS CORPORATION OF AMERICA**
**MEDICAL HRA PLAN**                                            **CIVIL ACTION NO:**

       **Plaintiff**

**v.**

**KEVIN U. JOHNSON AND IVAN J. DAIGS,**
**ATTORNEY AND COUNSELOR AT LAW,**
**A PROFESSIONAL CORPORATION**

       **Defendants**

---

## COMPLAINT

---

**NOW COMES** Plaintiff, Corrections Corporation of America Medical HRA Plan ("Plaintiff" or the "Plan"), and files this Complaint showing the Court as follows:

### NATURE OF COMPLAINT

**1.**

This is an action to enforce the terms of the Plan and to obtain appropriate equitable relief, as authorized by the federal common law and statutory scheme of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

1

## PARTIES

### 2.

The Plan is a health and welfare group benefit plan sponsored by Corrections Corporation of America.  The Plan is a self-funded, employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

### 3.

Made Defendants herein are:

A.  Defendant, Kevin U. Johnson ("Johnson"), is an individual of full age and majority, who, upon information and belief, is domiciled in Alexandria, Parish of Rapides, State of Louisiana  At all times relevant hereto, Johnson was a participant or beneficiary in the Plan within the meaning of ERISA §§ (7), (8).

B.  Defendant, Ivan J. Daigs, Attorney and Counselor At Law, a Professional Corporation, is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in Parish of Lincoln, Louisiana.

## JURISDICTION

### 4.

This Court has original and exclusive jurisdiction over Plaintiff's claims for relief pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

## VENUE

### 5.

Venue is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this judicial district, Defendant resides in this judicial district, and, upon

2

information and belief, at least some of the settlement funds at issue are being held within this judicial district

## FACTS

## THE PLAN

### 6.

The Plan provides welfare benefits to Corrections Corporation of America employees and their dependents, including medical benefits.

### 7.

The Plan is a self-funded ERISA plan, funded directly by Corrections Corporation of America employees.

### 8.

All of the rights, terms and conditions related to the operation and administration of the Plan are set forth in the Plan document titled, "Corrections Corporation of America Medical HRA Plan Summary Plan Description" ("SPD").  The SPD for the Plan contains clear and unambiguous subrogation and reimbursement provisions.  It provides, in part:

**Right to Subrogation**

The right to subrogation means the Plan is substituted to and shall succeed to any and all legal claims that you may be entitled to pursue against any third party for Benefits that the Plan has paid. Subrogation applies when the Plan has paid on your behalf Benefits for a Sickness or Injury for which a third party is considered responsible, e.g. an insurance carrier if you are involved in an auto accident.

The Plan shall be subrogated to, and shall succeed to, all rights of recovery from any or all third parties, under any legal theory of any type, for 100 percent of any services and Benefits the Plan has paid on your behalf relating to any Sickness or Injury caused by any third party.

3

**Right to Reimbursement**

The right to reimbursement means that if a third party causes a Sickness or Injury for which you receive a settlement, judgment, or other recovery from any third party, you must use those proceeds to fully return to the Plan 100% of any Benefits you received for that Sickness or Injury.

(A copy of the relevant portions of the SPD are attached as **Exhibit "1"**) (Emphasis in original).

**9.**

The SPD definition of "Third Parties" for purposes of Subrogation and Reimbursement under the Plan includes the following:

- a person or entity alleged to have caused you to suffer a Sickness, Injury or damages, or who is legally responsible for the Sickness, Injury or damages;

- any insurer or other indemnifier of any person or entity alleged to have caused or who caused the Sickness, Injury or damages;

- Corrections Corporation of America in workers' compensation cases; or

- any person or entity who is or may be obligated to provide you with benefits or payments under:

  - underinsured or uninsured motorist insurance;
  - medical provisions of no-fault or traditional insurance (auto, homeowners or otherwise);
  - workers' compensation coverage; or
  - any other insurance carrier or third party administrator.

(See **Exhibit "1,"** p. 89).

**10.**

The SPD provides that the Plan has a "first priority" right to receive payment on any claim against a third party before Johnson receives payment from that third party, and that the

4

Plan's "first priority" right to payment is superior to any and all claims, debts or liens asserted by any medical providers.  *Id*.

### 11.

The Plan specifically rejects the "Fund Doctrine," "Common Fund Doctrine" and/or "Attorney's Fund Doctrine," providing:

> ▪ the Plan's subrogation and reimbursement rights apply to full and partial settlements, judgments, or other recoveries paid or payable to you or your representative, no matter how those proceeds are captioned or characterized. Payments include, but are not limited to, economic, non-economic, and punitive damages.  The Plan is not required to help you to pursue your claim for damages or personal injuries, or pay any of your associated costs, including attorney's fees.   No so-called "Fund Doctrine" or "Common Fund Doctrine" or "Attorney's Fund Doctrine" shall defeat this right.

*Id.* at pp. 89-90.

### 12.

The Plan also specifically rejects the "made whole" doctrine.  The SPD provides:

> ▪ regardless of whether you have been fully compensated or made whole, the Plan may collect from you the proceeds of any full or partial recovery that you or your legal representative obtain, whether in the form or a settlement (either before or after any determination of liability) or judgment, no matter how those proceeds are captioned or characterized.  Proceeds from which the Plan may collect include, but are not limited to, economic, non-economic, and punitive damages.  The Plan rejects the application of the "made whole" doctrine.  No "collateral source" rule shall limit the Plan's subrogation and reimbursement rights.

*Id.* at p. 90.

**13.**

The SPD further provides:

- if you receive payment as part of a settlement or judgment from any third party as a result of a Sickness or Injury, and the Plan alleges some or all of those funds are due and owed to it, you agree to hold those settlement funds in trust, either in a separate bank account in your name or in your attorney's trust account.  You agree that you will serve as a trustee over those funds to the extent of the Benefits the Plan has paid.

*Id.*

**14.**

The SPD also provides that, in the event Chapman fails to cooperate with the Plan, Johnson shall be considered to be in breach of contract and the Plan shall have the right to take legal action to assert its rights.  *Id.* at p. 91.

**15.**

The SPD further provides that, if the Plan incurs attorneys' fees and costs in order to collect third party settlement funds held by Johnson or his representatives, the Plan has the right to recover those attorneys' fees and costs from Johnson.  *Id.* at p. 90.

## THE ACCIDENT AND THE PLAN'S PAYMENT OF MEDICAL EXPENSES ON JOHNSON'S BEHALF

**16.**

On or about July 26, 2012, Johnson was injured as a result of an accident (the "Accident").

4828-2306-4944

2917910-000122

**17.**

To date, the Plan has paid medical expenses in the amount of $169,276.40 on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident.  A copy of a current "Medical Payment Summary" is attached as **Exhibit "2."**

**18.**

The Plan paid the benefits referenced in the preceding paragraph, and Johnson accepted the benefits, under the express condition contained in the Plan that Johnson would reimburse the Plan for any benefits paid or disbursed by the Plan if Johnson received a recovery from any third party.

**19.**

Following the Accident, the Plan learned that Johnson had retained Ivan J. Daigs as counsel to assist Johnson in pursuing legal claims against potentially liable third parties relating to the Accident.

**20.**

On numerous occasions, the Plan, through its reimbursement/recovery agent, placed Mr. Daigs (and, therefore, Johnson) on notice of the Plan's reimbursement rights relating to any recovery made by Johnson from third parties.

**21.**

Upon information and belief, the Plan has learned that Johnson has reached a settlement with third parties relating to the Accident.

**22.**

Despite numerous attempts by the Plan to recover the amount of medical expenses made by the Plan on Johnson's behalf, in accordance with the clear and unambiguous provisions of the

7

Plan, to date, neither Johnson nor Mr. Daigs have reimbursed the Plan any of the $169,276.40 paid by the Plan from the settlement proceeds obtained by Johnson.

**23.**

The Plan specifically requires Johnson to serve as trustee over the settlement funds to the extent the Plan paid benefits on Johnson's behalf and to cooperate with the Plan in regard to the Plan's subrogation and reimbursement rights.  Despite this obligation, Johnson and Mr. Daigs have ignored the Plan's efforts to protect its reimbursement rights.  Upon information and belief, Mr. Daigs likely also received some of the settlement funds in the form of attorney's fees and has ignored the Plan's reimbursement rights.

**24.**

Johnson was fully aware of the Plan's interest at the time he consummated any and all Accident-related settlement(s), and at the time he obtained any recovery from third parties from which the Plan seeks reimbursement.

**25.**

Johnson (and/or Mr. Daigs) is in possession of the settlement funds from which the Plan seeks to be reimbursed and has been specifically instructed by the Plan to hold the settlement funds in trust to the extent the Plan paid benefits on Johnson's behalf.

**<u>COUNT I - CLAIM FOR EQUITABLE RELIEF UNDER ERISA § 502(a)(3)</u>**

**26.**

The Plan re-states and re-alleges Paragraphs 1-25 of the Complaint as if fully set forth herein.

4828-2306-4944
2917910-000122

**27.**

The Plan has a right to reimbursement and/or an equitable lien by agreement to the extent of the benefits paid on Johnson's behalf as a result of the Accident.  The Plan seeks "appropriate equitable relief" to enforce the Plan's reimbursement provisions to the extent of recovery obtained by Johnson, and to be reimbursed out of such recovery.

**28.**

The language contained in the Plan is sufficient under *Sereboff v. Mid-Atlantic Med. Servs., Inc.*, 547 U.S. 356, 362-63 (2006) to enable the Plan to place a constructive trust and/or equitable lien by agreement consisting of the benefits the Plan paid to Johnson.  Specifically, the Plan identifies the portion of the funds to which it is entitled (*i.e.*, the amount of benefits paid on Johnson's behalf), and specifies the fund or funds from which such reimbursement is to be had (*i.e.*, the settlement funds obtained by Johnson from third parties relating to the Accident).

**29.**

The funds over which the Plan seeks appropriate equitable relief are in Johnson's (and/or Mr. Daig) possession and control.

**30.**

The language of the Plan makes it clear that the Plan is not attempting to recover from Johnson's general assets, but, rather, the disputed funds constitute a specifically identified portion of amounts paid to Johnson from third parties as a result of the Accident.

**31.**

The language of the Plan governs Plaintiff's action to enforce an equitable lien by agreement, not any common law and/or equitable doctrine. (*See US Airways, Inc. v. McCutchen*, 133 S.Ct. 1537 (2013)).  The language of the Plan specifically rejects and disclaims the "made

4828-2306-4944

2917910-000122

whole" or "common fund" doctrine or any other common law or equitable doctrine Johnson may cite to attempt to avoid or mitigate Johnson's obligations under the Plan.

**32.**

Johnson has refused, despite requests, to reimburse the Plan for benefits the Plan paid on his behalf out of the settlement funds Johnson received in connection with the Accident. Johnson's actions clearly violate the clear and unambiguous terms of the Plan.

**33.**

As a result of Johnson's violation of the terms of the Plan, the Plan has been harmed and seeks all appropriate equitable relief, pursuant to ERISA § 502(a)(3), to enforce the terms of the Plan, including:

1.   The imposition of a constructive trust and/or equitable lien by agreement in favor of the Plan upon settlement proceeds in possession of Johnson and/or Mr. Daigs which are subject to the Plan's subrogation/reimbursement rights;

2.   A Declaration of the Plan's ownership of the above-referenced settlement proceeds up to the full amount of payments made by the Plan for Johnson's medical expenses; and

3.   An Order directing Johnson and/or Mr. Daigs, to pay or turn over such settlement proceeds, plus accumulated interest, to the Plan to the extent of its interest therein.

## COUNT II - CLAIM FOR ATTORNEY'S FEES AND COSTS UNDER ERISA § 502(g)(1) AND THE TERMS OF THE PLAN

**34.**

The Plan re-states and re-alleges Paragraphs 1-33 of the Complaint as if fully set forth herein.

4828-2306-4944

2917910-000122

**35.**

ERISA § 502(g)(1) provides that, in any action brought by a participant, beneficiary, or fiduciary under that subchapter, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

**36.**

The Plan further provides that the Plan has the right to recover any and all attorneys' fees and costs incurred by the Plan in order to collect third party settlement funds held by Johnson or Johnson's representative.

**37.**

Considering Johnson's violation of the terms of the Plan, the Plan is entitled to recover its attorney's fees and costs incurred relating to this matter.  Such an award is appropriate and proper under ERISA § 502(g)(1), as well as the clear and unambiguous terms of the Plan.

## COUNT III - BREACH OF CONTRACT

**38.**

The Plan re-states and re-alleges Paragraphs 1-37 of the Complaint as if fully set forth herein.

**39.**

The Plan specifically requires Johnson to cooperate in regard to the Plan's subrogation and reimbursement rights, and further provides that, in the event that Johnson fails to cooperate with the Plan, Johnson shall be considered to be in breach of contract and the Plan shall have the right to take legal action to assert its rights.

4828-2306-4944

2917910-000122

**40.**

The Plan further provides that, if the Plan incurs attorneys' fees and costs in order to collect third party settlement funds held by Johnson or his representatives (such as Mr. Diags), the Plan has the right to recover those attorneys' fees and costs

**41.**

Despite repeated attempts by the Plan to recover the amount of medical expenses it paid on behalf of Johnson from the settlement funds recovered by Johnson relating to the Accident, Johnson has refused to cooperate and/or reimburse the Plan.  Accordingly, Johnson is in breach of his contract with the Plan and is, therefore, liable to the Plan in the amount of the medical expenses the Plan paid on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident ($169,276.40), plus the Plan's attorney's fees and costs incurred in having to pursue it rights in this action.

## <u>COUNT IV - CONVERSION BY DEFENDANT JOHNSON</u>

**42.**

The Plan re-states and re-alleges Paragraphs 1-41 of the Complaint as if fully set forth herein.

**43.**

Pursuant to the contract between the Plan and Johnson, and pursuant to federal common law and ERISA § 502(a)(3), the Plan is entitled to recover the amount of the medical expenses the Plan paid on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident ($169,276.40) from the settlement funds obtained by Johnson from third parties relating to the Accident.

4828-2306-4944

2917910-000122

**44.**

Johnson has failed to reimburse the Plan the amount of the medical expenses the Plan paid on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident ($169,276.40) from the settlement funds and, instead, has converted those funds for his personal use.

**45.**

Accordingly, Johnson has converted assets belonging to the Plan and is, therefore, liable to the Plan in the amount of the medical expenses the Plan paid on his behalf for treatment of injuries he sustained a result of the Accident ($169,276.40).

## COUNT V - UNJUST ENRICHMENT

**46.**

The Plan re-states and re-alleges Paragraphs 1-45 of the Complaint as if fully set forth herein.

**47.**

Pursuant to the contract between the Plan and Johnson, and pursuant to federal common law and ERISA § 502(a)(3), the Plan is entitled to recover the amount of the medical expenses the Plan paid on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident ($169,276.40) from the settlement funds obtained by Johnson from third parties relating to the Accident.

**48.**

Johnson has failed to reimburse the Plan the amount of the medical expenses the Plan paid on his behalf for treatment of injuries he sustained as a result of the Accident ($169,276.40) from the settlement funds and, instead, has converted those funds for his personal use.

4828-2306-4944

2917910-000122

**49.**

Accordingly, Johnson has been unjustly enriched in the amount of the converted assets belonging to the Plan and is, therefore, liable to the Plan in the amount of the medical expenses the Plan paid on his behalf for treatment of injuries he sustained as a result of the Accident ($169,276.40).

## COUNT VII - CONVERSION BY DEFENDANT IVAN DAIGS ATTORNEY ANC COUNSELOR AT LAW

**50.**

The Plan re-states and re-alleges Paragraphs 1-49 of the Complaint as if fully set forth herein.

**51.**

Pursuant to the contract between the Plan and Johnson, and pursuant to federal common law and ERISA § 502(a)(3), the Plan is entitled to recover the amount of the medical expenses the Plan paid on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident ($169,276.40) from the settlement funds obtained by Johnson from third parties relating to the Accident.

**52.**

Johnson's counsel, Ivan J. Daigs, Attorney and Counselor At Law, a Professional Corporation, has failed to reimburse the Plan the amount of the medical expenses the Plan paid on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident ($169,276.40) from the settlement funds, and, to the extent the funds are no longer being held in Daigs's trust account, Daigs has instead converted those funds for the corporation's personal use.

14

**53.**

Accordingly, Ivan J. Daigs, Attorney and Counselor At Law, has converted assets belonging to the Plan and is, therefore, liable to the Plan in the amount of the medical expenses the Plan paid on Johnson's behalf for treatment of injuries he sustained a result of the Accident ($169,276.40).

## COUNT VIII - UNJUST ENRICHMENT BY DEFENDANT IVAN DAIGS ATTORNEY ANC COUNSELOR AT LAW
**54.**

The Plan re-states and re-alleges Paragraphs 1-53 of the Complaint as if fully set forth herein.

**55.**

Pursuant to the contract between the Plan and Johnson, and pursuant to federal common law and ERISA § 502(a)(3), the Plan is entitled to recover the amount of the medical expenses the Plan paid on behalf of Johnson for treatment of injuries sustained by Johnson as a result of the Accident ($169,276.40) from the settlement funds obtained by Johnson from third parties relating to the Accident.

**56.**

Johnson and his counsel, Defendant, Ivan J. Daigs, Attorney and Counselor At Law, a Professional Corporation, have failed to reimburse the Plan the amount of the medical expenses the Plan paid on his behalf for treatment of injuries he sustained as a result of the Accident ($169,276.40) from the settlement, and, to the extent the funds are no longer being held in Daigs's trust account, Daigs has instead converted those funds for his personal use.

4828-2306-4944

2917910-000122

**57.**

Accordingly, Defendant Daigs has been unjustly enriched in the amount of the converted assets belonging to the Plan and is, therefore, liable to the Plan in the amount of the medical expenses the Plan paid on behalf of his client Johnson.

## COUNT IX- CLAIM FOR EQUITABLE RELIEF UNDER ERISA § 502(a)(3) AGAINST DEFENDANT IVAN DAIGS ATTORNEY ANC COUNSELOR AT LAW

**58.**

The Plan re-states and re-alleges Paragraphs 1-57 of the Complaint as if fully set forth herein.

**59.**

The Plan has a right to reimbursement and/or an equitable lien by agreement to the extent of the benefits paid on Johnson's behalf as a result of the Accident.  The Plan seeks "appropriate equitable relief" to enforce the Plan's reimbursement provisions to the extent of recovery obtained by Johnson, and to be reimbursed out of such recovery.

**60.**

The language contained in the Plan is sufficient under *Sereboff v. Mid-Atlantic Med. Servs., Inc.*, 547 U.S. 356, 362-63 (2006) to enable the Plan to place a constructive trust and/or equitable lien by agreement consisting of the benefits the Plan paid to Johnson.  Specifically, the Plan identifies the portion of the funds to which it is entitled (*i.e.*, the amount of benefits paid on Johnson's behalf), and specifies the fund or funds from which such reimbursement is to be had (*i.e.*, the settlement funds obtained by Johnson from third parties relating to the Accident).

4828-2306-4944

2917910-000122

**61.**

The funds over which the Plan seeks appropriate equitable relief are in Johnson's or his counsel Daigs's possession and control.

**62.**

The language of the Plan makes it clear that the Plan is not attempting to recover from Johnson's general assets, but, rather, the disputed funds constitute a specifically identified portion of amounts paid to Johnson and in the possession of his counsel Daigs from third parties as a result of the Accident.

**63.**

The language of the Plan governs Plaintiff's action to enforce an equitable lien by agreement, not any common law and/or equitable doctrine. (*See US Airways, Inc. v. McCutchen*, 133 S.Ct. 1537 (2013)).  The language of the Plan specifically rejects and disclaims the "made whole" or "common fund" doctrine or any other common law or equitable doctrine Johnson or Daigs may cite to attempt to avoid or mitigate Johnson's obligations under the Plan.

**64.**

Johnson and Daigs have refused, despite requests, to reimburse the Plan for benefits the Plan paid on Johnson's behalf out of the settlement funds Johnson received in connection with the Accident.  Their actions clearly violate the clear and unambiguous terms of the Plan.

**65.**

As a result of their violation of the terms of the Plan, the Plan has been harmed and seeks all appropriate equitable relief, pursuant to ERISA § 502(a)(3), to enforce the terms of the Plan, including:

17

1.    The imposition of a constructive trust and/or equitable lien by agreement in favor of the Plan upon settlement proceeds in possession of Johnson and/or Mr. Daigs, which are subject to the Plan's subrogation/reimbursement rights;

2.    A Declaration of the Plan's ownership of the above-referenced settlement proceeds up to the full amount of payments made by the Plan for Johnson's medical expenses; and

3.    An Order directing Johnson and/or Mr. Daigs, to pay or turn over such settlement proceeds, plus accumulated interest, to the Plan to the extent of its interest therein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Corrections Corporation of America Medical HRA Plan, prays that, after due proceedings are had, that the Court enter Judgment and Order in its favor and against the Defendants, Kevin U. Johnson and Ivan J. Daigs, Attorney and Counselor At Law, a Professional Corporation:

1.    Imposing a constructive trust and/or equitable lien agreement in favor of Corrections Corporation of America Medical HRA Plan upon settlement proceeds in possession of Kevin U. Johnson or his representative(s) or Ivan J. Daigs, Attorney and Counselor At Law, a Professional Corporation, which are subject to the Plans' subrogation/reimbursement rights;

2.    Declaring Corrections Corporation of America Medical HRA Plan's ownership of the above- referenced  settlement proceeds up to the full amount of payments made by Corrections Corporation of America Medical  HRA  Plan for Kevin U. Johnson's medical expenses;

3.    Directing Kevin U. Johnson or his representative(s) or Ivan J. Daigs, Attorney and Counselor At Law, a Professional Corporation, to pay or turn over such settlement proceeds, plus accumulated interest, to Corrections Corporation of

18

America Medical HRA Plan to the extent of its interest therein;

4.  Awarding Corrections Corporation of America Medical HRA Plan its attorneys' fees and costs incurred in this matter; and

5.  Granting any such other equitable and legal relief to the Plans as this Court deems just and appropriate.

Respectively submitted:

/s/ Robert L. Blankenship
Errol J. King – Bar Roll #17649
Daniel P. Guillory – Bar Roll #31180
Robert L. Blankenship - Bar Roll #33016
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, Louisiana  70801
Telephone:     225.381.7000
Facsimile:     225.343.3612
**Attorneys for Corrections Corporation of America Medical HRA Plan**

**PLEASE SERVE:**

Ivan J. Daigs, Attorney and Counselor At Law,
a Professional Corporation
*through its registered agent*:
Ivan Daigs,
309 S. Bonner St.,
Ruston, La 71270

Kevin U. Johnson
3737 Payne St.
Alexandria, LA 71302

4828-2306-4944

2917910-000122