# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **CORRECTIONS CORPORATION OF AMERICA MEDICAL HRA PLAN** | **CIVIL ACTION NO. 1:18-CV-01415** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **KEVIN U. JOHNSON, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

### MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment ("the Motion") [Doc. 37] filed by Plaintiff. For reasons which follow, Plaintiff's motion is GRANTED. As provided below, the Court will hold a hearing forthwith to determine the claims under which judgment is warranted and take evidence as to the amount of judgment to be entered.

### PROCEDURAL HISTORY

On October 30, 2018, Corrections Corporation of America Medical HRA Plan ("Plaintiff" or the "Plan") filed the instant suit against Kevin U. Johnson ("Johnson") and Ivan J. Daigs, Attorney and Counselor At Law, a Professional Corporation ("Daigs Law Firm") (collectively, "Defendants") to recover certain medical expenses paid by the Plan on Johnson's behalf. [Doc. 1]. Plaintiff's Complaint asserts five causes of action: (1) an Employee Retirement Income Security Act of 1974 ("ERISA") claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3); (2) an ERISA claim for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1); (3) a claim for breach of contract

against Defendant Johnson; (4) a claim for conversion; and (5) a claim for unjust enrichment. [Doc. 1].

On April 26, 2019, Defendants filed an Answer. [Doc. 10]. On November 24, 2020, Plaintiff filed this Motion seeking judgment against the Defendants [Doc. 37], to which Defendants filed an Opposition on December 17, 2020 [Doc. 41]. On December 22, 2020, Plaintiff filed a Reply. [Doc. 43]. Importantly, Defendants' Opposition failed to include a statement of disputed material facts as required by LR56.2.[1] Accordingly, the material facts asserted by Plaintiff are deemed admitted and the Motion is otherwise ripe for ruling.

## FACTUAL BACKGROUND

On July 26, 2012, Johnson was involved in a motor vehicle accident ("the Accident") from which he sustained injury. [Doc. 37-1 ¶ 2]. The Plan paid $169,276.40 in medical expenses for Johnson's treatment following the Accident. [Doc. 37-1 ¶¶ 3, 4]. Thereafter, Johnson retained the Daigs Law Firm as counsel and, on April 11, 2013, filed suit against certain third parties that were purportedly liable for the injuries he sustained in the Accident. [Doc. 37-1 ¶ 6; *see* 43-4]. On January 31, 2017, Plaintiff sent a "Notice Letter" to the Daigs Law Firm informing them of its "subrogation and/or reimbursement interest[s]" in the matter ("the Lawsuit"). [Doc.

---

[1]   "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." LR56.2. Defendants received a Notice of Deficient Document informing them of the deficiency and asking them to submit a "Corrective Document" within ten days [Doc. 42]. Defendants did not comply with this request.

43-2].² On July 27, 2017, the parties to the lawsuit reached a settlement. [Doc. 37-1 ¶ 7; *see* Doc. 43-6]. Plaintiff was not notified of the settlement and did not receive any portion of the settlement proceeds. [Doc. 37-1 ¶ 8; Doc. 37-2, p. 2].

A.  **Statement of Uncontested Material Facts**

The uncontested material facts that are accepted by the Court for purposes of the Motion are as follows:

1) The Plan is a self-funded health and welfare group benefit plan sponsored by Corrections Corporation of America, which provides welfare (including medical) benefits to Corrections Corporation of America employees and their dependents.

2) Kevin U. Johnson was a covered member of the Plan on July 26, 2012, when he suffered injuries caused by the Accident.

3) The Plan paid for the medical treatment related to Johnson's injuries as a result of the Accident pursuant to the terms of the Plan.

4) The Plan paid $169,276.40 in medical benefits for the treatment received by Johnson as a result of the Accident.

5) The Plan's Summary Plan Description ("SPD") contains clear and unambiguous subrogation and reimbursement provisions. The reimbursement provision gives the Plan the right to recover from a participant of the Plan any payment for benefits paid by the Plan that the participant is entitled to recover from a third party.³

---

²     The Notice Letter was sent by Optum, Inc. ("Optum"), an affiliate of United HealthCare Insurance Company ("United Healthcare"), hired by United Healthcare to pursue the recovery of benefits that the Plan paid on Johnson's behalf. [Doc. 43-1, p. 1].

³     The "Right to Reimbursement" provision provides, in relevant part:

> The right to reimbursement means that if a *third party* causes a Sickness or *Injury* for which you receive a *settlement*, judgment, or other recovery from any third party, you must use those proceeds to fully return to the Plan 100% of any Benefits you received for that Sickness or Injury. [Doc. 37-4, p. 96] (emphasis added).

6) Johnson brought an action to recover the damages he sustained against the third-party tortfeasors and retained the Daigs Law Firm as counsel to assist in pursuing the legal claims.

7) Johnson, with the assistance of the Daigs Law Firm, settled or negotiated a settlement of some or all of his claims against the third-party tortfeasors.

8) No notice was given to the Plan of the settlement of the claims asserted by Johnson.

9) The Plan requested that Johnson reimburse it in the amount of $169,276.40 for the medical benefits that it paid on behalf of Johnson for the treatment of injuries he sustained in the Accident.

[Doc. 37-1].

## LAW AND ANALYSIS

### I.   Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor,

including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party...." *Id.*

## II. Prescription

Defendants' sole objection to the Motion is their contention that Plaintiff's claims are time barred under Louisiana Civil Code Article 3494. [Doc. 41, p. 2]. Article 3494 provides a three-year liberative prescriptive period for actions "on an open account." Defendants argue that because Plaintiff did not file suit within three years from the date of the Accident, Plaintiff's claims had prescribed before Plaintiff filed its Complaint and, thus, should be dismissed. [Doc. 41, p. 2]. Plaintiff disagrees with Defendants' characterization of its claims and contends that all claims asserted in the Complaint were timely filed under the applicable prescriptive periods. [Doc. 43, p. 5-10].

Under Louisiana law, an open account is defined as "an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings." *Construction Testing Labs, Inc. v. Wal–Mart Stores, Inc.*, No. 08-0569, 2009 WL 2214678, at *2 (W.D. La. July 23, 2009) (internal citations omitted). As described in the Complaint and summarized above, Plaintiff's suit does not constitute an action on an open account and, as such, the three-year prescriptive period in Article 3494 is not applicable. Rather, for the reasons that follow, the Court finds that Plaintiff's claims were timely filed as a matter of law.

### a. Timeliness of Plaintiff's ERISA, Breach of Contract, and Unjust Enrichment Claims

ERISA does not provide a federal prescriptive period governing a fiduciary's action to enforce a reimbursement provision pursuant to 29 U.S.C. § 1132(a)(3). Courts must, therefore, look to the state law most analogous to the ERISA claim being advanced to determine the appropriate prescriptive period. *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997). A fiduciary's action to enforce a reimbursement provision pursuant to 29 U.S.C. § 1132(a)(3) is analogous to a simple contract action brought under Louisiana law. Accordingly, Louisiana's ten-year prescription period for "personal actions" under Louisiana Civil Code Article 3499 is applicable to the ERISA claim. Plaintiff's breach of contract and unjust enrichment claims are likewise personal actions subject to the ten-year prescriptive period under Article 3499. *See* La. Civ. Code. Art. 3499; *see also Richard v. Wal–Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir.1999).

Prescription begins to run from the time the cause of action arises. *Donald G. Lambert Contractor, Inc. v. Parish of Jefferson*, 97-140, p. 7 (La. App. 5th Cir. 9/17/97), 700 So. 2d 894, 897, *writ denied*, 97-2557 (La. 12/19/97), 706 So. 2d 459. Even accepting Defendants' argument that prescription began to run on the date of the Accident in 2012, Plaintiff filed suit six years later in 2018. Accordingly, Plaintiff's ERISA, breach of contract, and unjust enrichment claims were all timely filed.

### b. Timeliness of Plaintiff's Conversion Claim

Conversion is a delictual action subject to Louisiana's one-year prescriptive period. *See* La. Civ. Code. art. 3492; *see also Richard v. Wal–Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir.1999). Prescription begins to run from the date injury or damage is sustained – in this case, the date of the alleged conversion. *See id*. However, "Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription when the circumstances of a case fall within one of four categories," including "where the [defendant] himself has done some act effectually to prevent the [plaintiff] from availing himself of his cause of action." *Albe v. City of New Orleans*, 14-186, p. 6-7 (La. App. 4th Cir. 9/17/14), 150 So.3d 361, 366-367 *writ denied*, 14-2166 (La. 12/8/14), 153 So. 3d 445.

Under this principle of *contra non valentum*, courts have suspended the running of a prescriptive period in cases where a defendant has concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other "ill practices") which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiff's delay in bringing suit is not willful or the result of his own negligence. *Marin v. Exxon Mobil Corporation*, 09–2368, p. 23

(La. 10/19/10), 48 So. 3d 234, 251-52. In these circumstances, prescription is suspended until a plaintiff is made aware of the truth of the matter. *In re Ford Motor Co. Bronco II Product Liability Litigation*, 982 F.Supp. 388, 394 (E.D. La.1997).

Here, Plaintiff claims that Defendants concealed information regarding the status of the Lawsuit, thereby preventing Plaintiff from asserting its cause of action. [Doc. 43, p. 10]. Plaintiff claims that on October 20, 2017, the Daigs Law Firm informed Plaintiff that the Lawsuit was "still pending" and "close to settling." [Doc. 43-1 ¶ 13]. On February 12, 2018, Plaintiff learned from a third-party defendant in the Lawsuit that the Lawsuit had settled several months previously. [Doc. 43-3, p. 3-4]. As evidenced by the Motion for Full and Final Dismissal with Prejudice, the Lawsuit settled in July of 2017 – three months *before* the Daigs Law Firm informed Plaintiff that the Lawsuit was "still pending" and "close to settling." [*See* Doc. 43-6; Doc. 43-1 ¶ 13]. Defendant has offered nothing to contradict Plaintiff's allegations and summary judgment evidence in this regard.

Thus, the Court finds that the one-year prescriptive period for Plaintiff's conversion claim did not begin to run until, at the earliest, February 12, 2018, when Plaintiff learned from the third-party defendant that the Lawsuit had settled. Accordingly, Plaintiff's claim for conversation was timely when it was filed less than nine months later on October 30, 2018.

## Conclusion

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [Doc. 37] is GRANTED.

IT IS FURTHER ORDERED that a hearing will be held on February 10, 2021, at 10:00 a.m., to determine the claims under which judgment is proper and take evidence as to the amount of judgment warranted, including any award of attorney's fees.

IT IS FURTHER ORDERED that the parties shall submit proposed orders for the Court's consideration no later than three (3) days prior to the hearing.

THUS, DONE AND SIGNED in Chambers on this 22nd day of January, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE